

**FILED**
**JAN 28 2010**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40029-09 |
| Plaintiff, | * | |
| vs. | * | **ORDER** |
| KERRI WELCH, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is Defendant Kerri Welch's Motion for Bill of Particulars (Doc. 347), Motion for Joinder in Laura Welch's Pretrial Motions (Doc. 349), and Motion to Compel or Dismiss (Doc. 533). The government has responded to each motion.

### Motion for Bill of Particulars (Doc. 347)

In this criminal case, Defendant is charged in the Second Superseding Indictment with conspiracy to possess and distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

> **Rule 7. The Indictment and the Information**
>
> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant Kerri Welch requests a bill of particulars which includes (1) the identity of each person with whom she allegedly entered into an agreement in furtherance of a conspiracy; (2) the identity of any person with knowledge of the offense; (3) for each person identified in paragraph (2), details about the substance of any agreement relative to the alleged unlawful acts and the date and locations such agreements occurred, were furthered, or carried out; (4) the method, date, location and with whom the agreements were carried out; (5) the facts supporting the allegation that K. Welch had knowledge of any agreement or the purpose therefor; (6) the identity of each person whom made

deposits into K. Welch's bank account and for each person state the date, place and amount of deposit, the origin of funds for each deposit, copies of the deposit slips and the alleged nature of the relationship between the person and K. Welch; and (7) the identity of each person cooperating with the government in furtherance of its prosecution of K. Welch.

In the brief in support of Kerri Welch's motion, defense counsel asserted (1) the government possesses information not yet presented to the defense that establishes she entered into a conspiracy; or in the alternative (2) that K. Welch did not enter into an agreement in furtherance of a conspiracy as alleged in this case.

The government objects to the motion and notes the Second Superseding Indictment sets forth a complete description of the crime charged against defendant and states when and where the defendant committed the offense. Further, the government represented it has provided defendant with extensive discovery which will inform defendant of the specific details of the crime alleged in the indictment.

The Second Superseding Indictment is a single count drug conspiracy charge and alleges:

> From on or about 2003, and continuing through the date of this Indictment, in the District of South Dakota and elsewhere, FIDEL VILLANUEVA-GODINEZ, a/k/a Fidel Villanueva, a/k/a Fidel Godinez, a/k/a "Pelon"; EVA LIZETTE VILLANUEVA, a/k/a Eva Gallegos; DAVID BARAJAS, a/k/a "Davie," a/k/a "Danny"; MARIA GUADALUPE ROJAS; KERRI WELCH; LAURA WELCH; MARIO IVAN RODRIGUEZ, a/k/a "Michigan," a/k/a "Taliban," a/k/a "Ivan"; JESUS SALOME ECHAVARIA-PINEDA, a/k/a "Chungo," a/k/a "Chunco"; JOSE GARCIA, a/k/a "Maya," a/k/a "Moya"; JESUS GARCIA, a/k/a "Chuy"; SERGIO MUNOZ, a/k/a Santiago Alvarez; KENNETH CARY CLARK, a/k/a Kenny Clark; JOSE ENRIQUE BURGOS-VALDEZ, a/k/a Jose Enrique Burgos, a/k/a "Feriche," a/k/a "Arturo"; MICHELLE MUNOZ; JESUS FABEL DIAZ-PELLEGAUD, a/k/a "Fael," a/k/a "Fabel"; MANUEL RAMIREZ, a/k/a Alfredo Felix Pellegaud, a/k/a "Pachin"; EMANUEL ROLON-COLON, a/k/a "Manny"; and SIMON BEREKAT did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The

court must strike a "prudent balance" between the legitimate interest of the government and the defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. She seeks specific dates and times of the acts she allegedly committed in furtherance of the conspiracy and the identity of the persons with whom she committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. *United States v. Jiminez*, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; *see United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1988); *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani*, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney*, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards and identifies the geographic location, the dates, and the elements of the offense sufficiently to fairly inform defendant of the charge and to enable her to sufficiently describe the conviction to avoid double jeopardy. *See, also, United States v. Hong*, 545 F.Supp.2d 281 (W.D. N.Y. 2008) and *United States v. Johnson*, 225 F.Supp.2d 982 (N.D. Iowa 2002).

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those she aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. *See United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against her, the Defendant has not shown that a Bill of Particulars is necessary to prevent unfair surprise at trial.

### Motion to Compel or to Dismiss (Doc. 533)

Defendant requests the government be compelled to disclose information and evidence in its possession or under its control that supports its contention that defendant entered into an agreement with one or more persons for the purposes of furthering the illegal goal outlined in the Second Superseding Indictment. The motion is made pursuant to F.R.Crim.P. 16. In the alternative, Defendant seeks dismissal of the charge against her. Defendant acknowledges that the government has furnished in excess of 1,000 pages of discovery documents as well as several taped interviews of certain co-defendants.

The government opposes the motion and asserts the motion to compel is a reiteration of defendant's motion for bill of particulars.

Based on a review of the motion and the government's response and given the court's analysis of the bill of particulars motion above, defendant's motion to compel must be DENIED. It is noted the government has supplied extensive discovery and has previously advised the court it has an open file discovery policy.

### CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that:

1. Defendant's Motion for Bill of Particulars (Doc. 347) is DENIED.
2. Defendant's Motion to Compel or Dismiss (Doc. 533) is DENIED.

-4-

3. Defendant's Motion to Join in Motions filed by Co-Defendant Laura Welch (Doc. 349) is GRANTED.

Dated this __28__ day of January, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge